UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| YANELSY CARRERA FIGUEREDO, | § | |
| BY NEXT FRIEND JUAN ALBERTO | § | |
| ZAMBRANO FONSECA, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:26-CV-00360 |
| | § | |
| U.S. IMMIGRATION AND CUSTOMS | § | |
| ENFORCEMENT, ET AL., | § | |
|     Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner is currently detained in federal immigration custody in Texas. Before the Court is Petitioner's pro se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, (Dkt. No. 1), and Respondents' Motion for Summary Judgment, (Dkt. No. 29).

The Court finds that Petitioner's deprivation of liberty without constitutionally adequate procedures is a violation of her due process rights, and the failure to provide due process warrants her release. For the reasons stated below, Petitioner's Petition for Writ of Habeas Corpus is granted in part. Respondents are ordered to release Petitioner **by June 3, 2026, at 5:00 p.m.** Respondents are ordered to notify the Court of the status of Petitioner's release **by June 4, 2026, at 5:00 p.m.**

### I. BACKGROUND

#### A. Factual Background

Petitioner, a citizen of Cuba, challenges her ongoing detention without a bond hearing through her next friend and husband. Petitioner entered the United States without inspection in 2022. (*See* Dkt. No. 29 at 2).[1] Shortly after entering the United States, Petitioner was apprehended by immigration officials. (*See id.*). She was

---

[1] When citing to the page numbers of any document in the record, the Court will cite to the page numbering of the Court's internal CM/ECF docket system, and not to the page numbers in the underlying documents.

subsequently released into the United States on an Order of Recognizance. (*See* Dkt. No. 1-1 at 5). Petitioner appears to have no criminal history. (Dkt. No. 1 at 5; *see also* Dkt. No. 1-1 at 24).

On August 13, 2025, Petitioner was re-detained at a routine ICE check-in appointment. (Dkt. No. 1 at 3). Petitioner has not received a bond hearing while she's been detained. (*Id.* at 2). She has been ordered removed by an Immigration Judge. (Dkt. No. 29-1 at 4). However, she appealed the decision to the BIA and the appeal remains pending, so her order of removal is not final. *Automated Case Information*, Exec. Off. Immigr. Rev., https://acis.eoir.justice.gov/en/caseinformation (last visited May 31, 2026); 8 C.F.R. § 1241.1.

### B. Legal Background

The Department of Homeland Security (DHS) and Department of Justice (DOJ) released interim guidance in July 2025, announcing a new legal position on detention authorities for noncitizens. The guidance interpreted the mandatory detention provision of Section 235 of the Immigration and Nationality Act (INA), or 8 U.S.C. § 1225, as applying to the detention of all "applicants for admission," including all noncitizens who have not been admitted, whether they arrive at a port of entry or enter without inspection. This position was adopted by the Board of Immigration Appeals (BIA) in September 2025. *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).

In the months following the shift in policy, federal district courts across the country found the Government's interpretation at odds with the text of the statute and ordered bond hearings, or release, for noncitizens subject to mandatory detention under the policy. *See, e.g.*, *Barco Mercado v. Francis*, No. 25-CV-6582, 2025 WL 3295903, at *4, n.22 (S.D.N.Y. Nov. 26, 2025) (collecting cases). In February 2026, the Fifth Circuit held that Section 1225(b)(2) applies to all applicants for admission, regardless of whether they are actively "seeking admission" when they are detained. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026). However, *Buenrostro* did not address the validity of due process claims such as those raised by Petitioner in this case. *See, e.g.*, *Bonilla Chicas v. Warden*, No. 5:26-CV-131, 2026 WL 539475, at *4–5 (S.D. Tex. Feb. 20, 2026); *see also* *Padron Covarrubias v. Vergara*, No. 5:25-CV-112, 2025 WL 2950097 (S.D. Tex. Oct. 8, 2025), *overruled by Buenrostro-Mendez*, 166 F.4th 494 (explaining the Court's prior

statutory interpretation of Section 1225).

### C. Procedural Background

Petitioner filed the instant petition for a writ of habeas corpus, maintaining that she is entitled to release from detention. In her pro se petition, Petitioner raises several claims: prolonged detention without bond violates due process; detention without a bond hearing is unconstitutional; her detention is disproportionate; and various conditions of confinement have led to physical and emotional deterioration. Petitioner requests immediate release under bond, supervision, or recognizance while her BIA appeal is pending.

Pro se litigants' pleadings are construed liberally and held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court liberally construes Petitioner's claims about the constitutionality of her detention as a procedural due process challenge to her continued detention without a bond hearing.

## II. DISCUSSION

Respondents move for summary judgment, asserting that Petitioner is subject to mandatory detention pursuant to *Buenrostro* and that her detention does not violate due process. The Court finds that her detention violates due process.[2] The Court incorporates the legal standards and analysis applied in its prior order granting a petition for a writ of habeas corpus under similar facts. *Lopez Moncebais v. Bondi*, No. 5:26-CV-268, slip op. (S.D. Tex. Mar. 27, 2026).

There, this Court found that *Buenrostro* does not foreclose due process challenges to mandatory detention, a noncitizen subject to mandatory detention may bring an as-applied due process challenge to 8 U.S.C. Section 1225(b)(2), Supreme Court precedent does not foreclose that type of challenge, and liberty interests in freedom from detention must be protected by due process of law, including individualized justification for civil detention. *See id.* The Court then applied the balancing test from *Mathews v. Eldridge* and found that the petitioner's procedural due process rights had been violated. *Id.* at 13

---

[2] Because the Court grants Petitioner's requested relief without consideration of her other claims, the Court will decline to address the merits of those claims.

(citing *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)). The Court ordered immediate release for the due process violation. *Id.* at 17.

The Court finds that the same reasoning applies to these facts, though Petitioner's length of presence in the United States is factually distinct from *Lopez Moncebais*. Petitioner has resided in the United States since 2022. The Court's reasoning in *Lopez Moncebais* relied on the petitioner's length of residence in the United States in evaluating his liberty interest. Here, the Court finds that Petitioner's residence in the United States since 2022 still creates a sufficient liberty interest to require that her detention is safeguarded with constitutionally adequate procedures, including an individualized determination of whether she should be detained.

Additionally, the Court has previously found that a prior release like Petitioner's strengthens the liberty interest of a noncitizen because their release created an expectation that they would be free from detention during the pendency of their removal proceedings. *Bonilla Barrios v. Noem*, No. 5:26-cv-172, slip op. at 4 (S.D. Tex. Apr. 2, 2026). As the Court explained there, liberty interests "may arise from an expectation or interest created by state laws or policies." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). In this case, Petitioner had an expectation, in addition to her residence since 2022, that she would be free from detention or at least entitled to seek bond while her removal proceedings were pending. She was released from detention in 2022 and spent over three years out of custody before she was re-detained. Respondents do not assert that Petitioner violated any conditions of her release. Petitioner appeared for a standard ICE check-in appointment and was taken into custody without any advance warning or explanation. That expectation interest strengthens her liberty interest. The Court also notes that several cases analyzed for their persuasive authority in *Lopez Moncebais* similarly considered prior release as a factor strengthening the liberty interest of noncitizens detained under Section 1225(b)(2) without a bond hearing. *See Lopez Moncebais*, No. 5:26-CV-268, slip op. at 7 n.6 (collecting cases).

For these reasons and the reasons discussed in the Court's analysis in *Lopez Moncebais*, the Court finds that Petitioner's detention violates her rights under the Due Process Clause of the Fifth Amendment, she is entitled to relief, and the appropriate

remedy is to order Petitioner's immediate release from custody.[3]

### III. CONCLUSION

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, (Dkt. No. 1), is **GRANTED in part and DENIED in part**. Respondents' Motion for Summary Judgment, (Dkt. No. 29), is **DENIED**.

Respondents are **ORDERED** to **RELEASE** Petitioner from custody **by June 3, 2026, at 5:00 p.m.**, under reasonable conditions of release, and to submit a status report to the Court confirming Petitioner's release **by June 4, 2026, at 5:00 p.m.** Petitioner should be released in a public place during daytime hours. At the time of her release from custody, Respondents must return to Petitioner any and all identification documents taken from her at the time of her apprehension or during her detention. Additionally, upon her release, Respondents must provide Petitioner with a printed copy of this Order granting her habeas petition and ordering her release from custody.

All other relief requested by Petitioner is **DENIED**.

If Petitioner is re-detained, Petitioner must be afforded procedural due process as guaranteed by the Due Process Clause of the Fifth Amendment.

A final judgment will follow.

---

[3] A district court has equitable discretion in determining the appropriate remedy "as law and justice require" for unlawful detention in a habeas petition. *See Brown v. Davenport*, 596 U.S. 118, 127–28 (2022). The Court finds that the specific harm Petitioner suffered—unlawful deprivation of liberty without due process—is remedied by granting her immediate release, rather than ordering a bond hearing. As explained in *Lopez Moncebais*, "[t]he Court recognizes the weight of its decision to order Petitioner's release from custody." No. 5:26-CV-268, slip op. at 16. Though, the Court reaches this conclusion for several reasons. First, the Fifth Circuit has held that Section 1226(a), which provides for a bond hearing, does not apply to any applicants for admission. *Buenrostro-Mendez*, 166 F.4th 494. Additionally, a hearing after Petitioner's unjustified deprivation of liberty does not cure the deprivation. *See Bonilla Chicas*, No. 5:26 CV-131, 2026 WL 539475, at *12. Finally, the Court finds that an Immigration Judge would be unlikely to hold the bond hearing if ordered because the BIA's position is that there is no jurisdiction to hold bond hearings for all applicants for admission detained under Section 1225(b)(2). *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216; *see also Rojas v. Noem*, No. EP-25-CV-443, 2025 WL 3038262, at *4, n.2.

It is so **ORDERED**.

**SIGNED** on June 2, 2026.

_____
John A. Kazen
United States District Judge